Johnny Eugene DAVIS SR. - TDCJ # 1923674 Appellate case number 11-14-00112-CR
TRIAL COURT CASE NUMBER 15154

PD-0128-15

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 13 2015
Abel Acosta, Clerk

Style: Johnny Eugene DAVIS SR. v. The STATE OF TEXAS

To whom it may concern, I am writing you this letter as well as enclosing "evidence" of violations and "Errors" that were made during the punishment trial of my case on 4-16-14. I am enclosing some original documents that I can not have copied here at the TDCJ unit where I am currently incarcarated. If you would please make copies for your files on this matter and Return the original documents to me so that I can have them for my personal files. I would greatly appreciate it very much. I am going to start this Proceeding off with violations as written in the 2014 Texas Criminal Procedures code and Rules these rules are as recieved through august 1, 2013 codes are as amended through the 2013 regular and called sessions of the 83RD legislature. 1. failure of miranda rights Being Read to me at the time of arrest and before magistrate. Duties of arresting officer and magistrate. warrant. the person making the arrest or the person having custody of the person arrested shall without delay but no later than 48 hours after the person is arrested take the person arrested or have him taken before some magistrate of the county where the accused was arrested. the magistrate shall inform in clear language the person in person or through the Electronic Broadcast system the accusation against him and of any affidavit filed there with of his Right to Retain counsel, of his Right to Remain silent, of his rights to have an attorney present during any interview with peace officers or attorney's representing the state.

FILED IN
COURT OF CRIMINAL APPEAL
APR 17 2015
Abel Acosta, Clerk

On 9-23-13 I was arrested at my Residence at 607 S.W. 4th Avenue Mineral Wells Texas. Officer Christen Bilski nor the accompanying officer (who is not mentioned in any Court Documents Police department Records.) there is a witness to this such violation By my wife also state witness Darline Davis she needs to be interviewed in Private away from her family Due to the fact that they can be very influential on her. also with her father Darrell Reid being a employee of the state of Texas Department Criminal Justice System at Lindsay state Jail in Jacksboro Texas. at the County Jail where I was placed into custody Palo Pinto County Jail I did not go before the magistrate until 9-27-13 which is later than the 48 hours alloted by the state of Texas to legally detain a suspect until his Rights are given to him by a magistrate of the County. I was arrested on 9-23-13 I Requested a court appointed attorney after learning that my Bail was not going to Be Posted. also when asked By the magistrate if I was going to Post Bond I stated no I would not he then looks Back down at the paperwork in front of him and then Proceeds to delete the original Bond setting then he hands me my copy of the Bond setting and I was released back to the assigned cell I was located at the time. after I learned my Bond was not going to be Posted I then asked a employee to obtain a legal counsel application. which I then in turn returned to the employee after completion of the application.

on 9-19-13 I appeared at the mineral wells Police Department to meet with ~~Detective~~ Detective Jeremy Hamscher for a interrogation statement as to how Victim obtained his injury. he interviewed State witness Darline Dawes first then he proceeded & interrogate me in which he violated articles 8:61 warnings required, "Promise that is Positive" ~~8:19~~ 8:61 warnings required, 8:45-8:49 must give a suspect the following 4 admonishments Before any words or actions constituting an "interrogation" can Begin law ENFORCEMENT ~~enforcement~~

1. He or she has the right to remain silent
2. anything he/she says can and will be used against him/her in court
3. he/she has the right to consult with a lawyer and have the lawyer with him/her during interrogation
4. If he/she is indigent a lawyer will be appointed to represent him/her.

miranda v arizona 384 U.S. 436, 468 to 472 S.CT. 1602 1625 to 1626 (1966) If any of the first 3 parts of the warnings are provided a resulting confession must be excluded simply because they were not provided. If you will view the video of this interrogation you will see violation of this article. I did not get to view this interrogation except for the ending of my interrogation which was "fast forwarded" to the end due to poor wi-fi connection at the facility. I also did not get to view the interrogation of witness darline Dawes nor was I able to view medical reports from Cook's children's hospital where the evaluation of the injury to the victim was preformed.

Chapter 8: 45 - 49 "Promise that is Positive" statements induced By Promises - Texas voluntariness standard and Promises - "Promises that is Positive". a promise requires "an unequivocal conditional agreement" containing an "If - then" relationship Chambers VS. State 866 SW 2d 9, 20 Tex Crim app. 1993) cert denied 511 US 1100, 114 S CT. 1871 (1994) thus to find there was a "Promise" the defendant must Be told he/she will recieve the Benefit if But only if he/she makes a confession. no "Promise" will Be found where there is no conditional agreement. the promise must Be a "Positive" i.e., of a Benefit to the accused. a ~~Comm~~ commitment not to charge the defendant with any offense or a less serious offense than he or she could be properly Be charged with, will Be sufficient, as will a less severe penalty than the defendant might otherwise recieve. See e.g. Sossamon v State 816 SW 2d 340, 345 to 346 (Tex Crim app 1991) the confession was given in return for a promise not to Prosecute for that offense and to obtain some leniency with regard to other offenses However a Promise that does not confer a Benefit does not induce the confession. 8:46 statements induced by promises - Texas voluntariness standard and Promises - Made By or sanctioned by Person in authority. 8:47 statements induced by Promises - Texas voluntariness standard and Promises - influences suspect to confess untruthfully

8:48 statements induced By deception ~~due~~ Process and Deception

8:49 statements induced By Deception

showing that the injury was caused out of anger. statements from prosecution have been designed to create the perception that I was responsible for my son's (victim) injury without any factual basis unwarranted deductions and hearsay. also his explosive personality disorder (Bi-Polar) that he admits he has that he does have tendencies towards anger and violence also the fact that this is not an isolated affair (no evidence Doctor reports Police reports CPS reports). also Richard Ritchie did not submit to courts results of Defendants Ex Parte motion for expert investigative assistance. which shows my history of mental illness. questions by medical expert were designed for me to fail evaluation because questions ~~so~~ that were asked were questions that my step-sons who were in school at the time would have been studying.

indictment is 8-30-13 but statements from ~~Det~~ witness Detective Jeremy Hamscher states that the injury occurred on the evening of Saturday 8-31-13 the witness Stephanie Ann Giles states that the defendant was treating the injury since Saturday 8-31-13 morning. also it is stated that I (defendant) was alone with victim But statements from Defendant (myself), witness Jeremy Hamscher and witness Darline Davis all state that there was nobody at the residence other than defendant (myself) witness (Darline Davis) and victim.

the only evidence of intent is statements from assistant district attorney Ms. Kristina Massey SBOT NO. 24049964

Based on the evidence the only conclussion that I can come up with is that he was angry with the child for whatever reasons whether it was because he dirtied his diaper or because he wasn't being still and did this out of anger this is speculation ~~was~~ there is no evidence

State witness Darline Davis has made conflicting statements
1. He woke us up (She (witness-Darline Davis) stated that they woke up in the morning (which morning? Friday 8-30-13 or Saturday 8-31-13?) and they heard the victim jumping on the Bed, and they (witness and Defendant) Believe that he fell off the Bed and injured himself 2. She (witness-Darline Davis) Just assumed that he (victim) fell off. and this conversation that she had with the defendant (what conversation?) (Hearsay) 3. DEFENDANT TOLD her THAT he (VICTIM) WAS FELLING Hurt himself THAT WAY. The Defendant was diagnosed by Cook's Children's hospital on 9-4-13 and then on 9-5-13 he was diagnosed by his own treating physician who states that the injury could have Been accidental he was transported to his appointment by his Grandmother Glenda Reid. I stated this to my attorney Michael Ritchie But he refused to investigate this issue. "the doctor is only covering his tail" is what Mr. Ritchie stated to me. I Believe that if Both medical reports would have Been filed in court this outcome would be different.
I never got to view any evidence to properly defend myself
also the date of the offense which is stated on the

I continually denied any wrongdoings and causing the injury
to victim. after a while due to pain in my surgically repaired
left hip and medical problems with my back I stood up and
walked away from interogation table and leaned up against the
wall due to intense pain. Officer Jeremy Hamscher" Set over
here" me. "no my hip hurts" Officer Jeremy Hamscher -
"If you tell me what you did I will tell the SA this was an
accident" me - "all I can think of is If I did it I injured
victim while changing victims diaper". nothing was stated
about anger or intent. This confession was made untruthful
due to intense pain and wanting to go home. If I had known that
I would be arrested and sentenced to TDCJ I would never have
"volunteered" a statement. also I did not waiver any of
consitutional rights during anytime during this criminal proceedings.
Also I am filing 2 counts of ineffective assistance of counsel
motions as well. 1. ~~[illegible]~~ Defense attorney - Richard Ritchie

SBOT NO. 16948300

SBOT NO. 24032247 2. appellate attorney - Phillip Gregory

EX PARte y BARRA 629 SW 2d 943 (Tex Crim app. 1982) attorney
was ineffective for not investigating the defendants case and
failing to present evidence of the behalf of the defendant.

~~Evitts~~ Evitts vs Lucy - The Defendant is entitled to effective Assistance
of counsel on appeal when the state provides a first appeal as a matter
of Right.

I will enclose documents in this case also there is evidence that I did not pick my son (victim) up by his Penis. The ~~one~~ injury was sustained only to his left side of his Penis. I am right handed which means that if I injured him (victim) I would have caused injury to right side of Penis. I use my left hand to hold him when cleaning him and use right hand to place diaper under him because also I have a fused left thumb sustained due to an ~~[illegible]~~ injury sustained while being employed by Wal-Mart in Weatherford Texas around 2001. His mother (witness) Darlene Davis is left handed and would have used her right hand to pick up victim while cleaning which in turn would have caused the injury to occur on the left side of his Penis as it is shown in evidence.

I Pray upon the courts to either dismiss these charges or find me guilty of recklessness or neglect which is a misdemeanor. Please consider these options. A appellate attorney would have consulted me (only spoke to him when he was appointed) and if I was able to view evidence medical, witness, Doctors I would have Been able to properly defend myself.

Sincerely Johnny Davis Sr

Please enclose original paperwork Back to me for my Personal files thank you

FILED AT 9:15 PM-AM

NOV 14 2013

JANIE GLOVER, DISTRICT CLERK PALO PINTO COUNTY TEXAS BY ___ DEPUTY

CAUSE NO. 15154

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 29TH JUDICIAL DISTRICT |
| | § | |
| JOHNNY EUGENE DAVIS, SR. | § | PALO PINTO COUNTY, TEXAS |

**DEFENDANT'S *EX PARTE* MOTION FOR EXPERT AND INVESTIGATIVE ASSISTANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the indigent Defendant, JOHNNY EUGENE DAVIS, SR., by counsel, and pursuant to Tex. Code Crim. Proc. arts. 26.05(a) and (d), Art. 46B.003 and .005, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 10, 13 & 19 of the Texas Constitution and other authority cited herein, moves this Court to enter a finding that there is a reasonable necessity for expert assistance and funding in support of Defendant's right to defend against the charge of Injury to a child with intent to injure brought by the State of Texas. In support thereof, this Defendant would show:

I.

(a) Defendant has been charged with the felony offense of Injury Child/Elderly/Disable W/Int Bodily Injury. As will be specifically set out herein, the accused's mental health, prior to and at the time of the alleged offense, will be a significant factor at trial and is relevant to issues that must be decided by the jury.

(b) Expert assistance will be necessary to prepare and present this evidence in Defendant's defense. The assistance of the requested expert will help to satisfy the need for reliability in the trial process that is required by the 8th and 14th Amendments to the United States Constitution and the United States Supreme Court (see *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976)), and under the Texas Constitution.

(c) This Court has determined the Defendant is indigent. His counsel is unable to retain any expert assistance due to his client's indigent status.

II.

(a) The funding that is requested will provide Counsel with an essential tool to defend against the charges brought by the State of Texas. Defendant is entitled to such expert assistance upon a threshold showing that the assistance sought is relevant to a significant factor at trial.

Such assistance should include the determination of any defenses that are viable, the presentation of testimony and the assistance in preparing the cross-examination of the State's psychiatric witnesses. *Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087 (1985). This holding of the U.S. Supreme Court has been followed by the Texas Court of Criminal Appeals (see *De Freece v. State*, 848 S.W.2d 150 (Tex. Crim. App. 1993)).

(b) Appointment of expert assistance should be made regardless of the expert's field of expertise as there is no principled way to distinguish between psychiatric and non-psychiatric experts. The denial of the appointment of an expert under *Ake* amounts to "structural error" which cannot be evaluated for harm. *Rey v. State*, 897 S.W.2d 333 (Tex. Crim. App. 1995).

(c) The failure to grant funding for this assistance will call into question the fundamental fairness of Defendant's trial, his right to confront and cross-examine witnesses, and will deny him his 6th Amendment right to the effective assistance of this counsel. The assistance that is to be provided by the requested expert is further made relevant by Tex. Code Crim. Pro. arts. 37.07 and *Lockett v. Ohio*, 438 U.S. 586, 98 S. Ct. 2954, 57 L. Ed. 2d 973 (1978); *Penry v. Lynaugh*, 492 U.S. 302, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989) (overruled in part on other grounds); and *Hitchcock v. Dugger*, 481 U.S. 393, 107 S. Ct. 1821, 95 L. Ed. 2d 347 (1987).

III.

(a) Defendant's mental health will be a significant factor at trial because:

(1) Defendant has been disabled both physically, and mentally for some time before and after the alleged event subject of this Criminal Accusation. Defendant has severe diabetes and a fused hip. Defendant has been diagnosed with depression disorder and Bi- polar syndrome. Defendant has been prone to suicide attempts several times, by way of cutting wrists and taking pills. Defendant regularly attends MHMR to see a psychiatrist and was admitted into Millwood Hospital in April of 2013. Defendant is on medication currently for a variety of mental disorders. Counsel is unable to determine if Defendant is understanding what he is being charged with and questions whether he will be able to aid in his defense.

(2) If the Defendant was insane at the time of the alleged offense, then he cannot be convicted of the charge of Injury Child/Elderly/Disable W/Int Bodily Injury, but could only be found not guilty or not guilty by reason of insanity.

(3) Even if the Defendant was sane at the time of the alleged offense, his profoundly disturbed mental state caused by his problems set out above may render him culpable of only a lesser included offense, or may constitute mitigating evidence at a punishment phase of trial, if any.

(b) Movant requests the Court to approve funding for Dr. Karten, a psychologist. Counsel does not provide his curriculum vitae because he is aware that this Court has appointed him in the past for similar evaluations.

(c) The requested expert will assist the defense in the following manner:

(1) The expert will perform a psychological evaluation of the Defendant to determine if Defendant is incompetent to stand trial in this cause.

(2) The expert will perform a psychological evaluation of the Defendant to determine his mental state at the time of the charged offense.

(3) The expert will serve as a rebuttal expert to the State's psychological evaluation of the Defendant, should the facts require such rebuttal.

(d) Movant expects to use the assistance provided by the expert in the following manner:

(1) To show that the Defendant has suffered profound psychological problems for many years,

(2) To show that the Defendant was in a vulnerable mental state immediately before the alleged offense occurred, and

(3) To prove that the Defendant was insane at the time of the alleged offense.

(e) It is estimated that the amount of time and evaluation required for Dr. Karten's evaluation may cost up to a total of $1,500.00.

(f) Prior to submitting any statement to the County Auditor for payment to this expert, counsel will review the work of the expert to determine that the time devoted to the case was (i) reasonable, (ii) necessary and (iii) consistent with this Court's authorization.

IV.

This motion is made ex parte. It would be fundamentally unfair to require this indigent Defendant to divulge to the prosecution the nature of this motion for funding which will necessarily inform the State of defense theories of mitigation. *Williams v. State*, 958 S.W.2d 186 (Tex Crim. App. 1997). If the undersigned counsel were retained by the accused, there would be no requirement that the State be notified of the retention of expert assistance. Accordingly, counsel moves that the

PULS HANEY, P.L.L.C.
300 BURNETT STREET, SUITE 160
FORT WORTH, TEXAS 76102
TELEPHONE (855) 592.7766
FACSIMILE (817) 332.1333
WWW.PULSHANEY.COM

MARK A. HANEY
(817) 498.9911
MARK@PULSHANEY.COM

Court's Order, finding that a threshold showing of necessity has been made, also contain the following language:

THIS ORDER, AND DEFENDANT'S EX PARTE MOTION FOR FUNDING, SHALL BE SEALED IN THE RECORD AND PLACED IN AN ENVELOPE IN THE RECORD AND SHALL BE SEEN BY AND DISTRIBUTED TO DEFENSE COUNSEL AND THIS COURT ONLY.

WHEREFORE PREMISES CONSIDERED, Movant prays that after informal inquiry and/or upon evidentiary hearing, this Court:

(1) Determine that evidence exists to support a finding of incompetency, and shall order an examination to determine incompetency;

(2) Find that a threshold showing has been made, that the requested mental health expert is an essential tool in the presentation of a defense against the charge;

(3) Approve initial funding in the amount of up to $1,500.00 for such assistance, in addition to out of pocket expenses;

(4) Order that this motion and the Court's Order be sealed as prayed for herein; and

(5) That the Movant have such other and further relief as he may show himself to be justly entitled.

Respectfully submitted,

THE RITCHIE LAW FIRM
601 Southwest First Street
P.O. Box 98
Mineral Wells, Texas 76068
Tel: (940)325-6228
Fax: (940)325-5711

By: ____________________
RICHARD P. RITCHIE
State Bar No. 16948300
Attorney for Defendant

The "test" consisted of questions such as who discovered the element of revolution of gravity Albert Eistien and also matching colored blocks to match photograph in booklet which I failed

Results of tests not submitted as evidence on behalf on prosecution

35
DAVIS: Defendant's Motion for Expert & Investigative Assistance; P. 4



**CASE NO. 15154** **COUNT SINGLE**
INCIDENT NO./TRN: 9143870600 A001

FILED AT 4:15 PM APR 16 2014 JANIE GLOVER, DISTRICT CLERK PALO PINTO COUNTY TEXAS BY ______ DEPUTY

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 29TH DISTRICT COURT** |
| | § | |
| **V.** | § | |
| | § | |
| **JOHNNY EUGENE DAVIS, SR.** | § | **PALO PINTO COUNTY, TEXAS** |
| | § | |
| STATE ID NO.: TX05165520 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL
## SENTENCE TO INSTITUTIONAL DIVISION

| | | | |
|---|---|---|---|
| Judge Presiding: | **Hon. Michael Moore** | Date Judgment Entered: | **04-16-2014** |
| Attorney for State: | **Michael K. Burns Kristina Massey** | Attorney for Defendant: | **RICHARD P. RITCHIE / Appointed** |

Offense for which Defendant Convicted:
**INJURY CHILD/ELDERLY/DISABLE W/INT BODILY INJ**

| | |
|---|---|
| Charging Instrument: | Statute for Offense: |
| **INDICTMENT** | **22.04(a)(3) PC Penal Code** |

~~Date of Offense:~~
**8/30/2013** – Offense was stated to happen at later date

| | | |
|---|---|---|
| ~~Degree of Offense:~~ | Plea to Offense: | Findings on Deadly Weapon: |
| **3RD DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**No Plea Offer- Open to the Court**

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Date Sentence Imposed: | **04-16-2014** | Date Sentence to Commence: | **04-16-2014** |

Punishment and Place of Confinement: **8 YEARS INSTITUTIONAL DIVISION, TDCJ; incarceration periods for time credited as indicated below**

THIS SENTENCE SHALL RUN **CONCURRENTLY.** **Victim Impact Statement: No**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| **$2500.00** | **$224.00** | **$.00** | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was **N/A**.

Time Credited:
If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.
From **9/23/2013** to **4/16/2014** From to From to
From to From to From to **(206 days)**
If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
**N/A DAYS** NOTES: **N/A**

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

73

STATEMENTS STATING THAT I WAS ALONE WITH VICTIM

# MINERAL WELLS POLICE DEPARTMENT

## Supplement

Date of report: 09/17/2013 Case Number: 1300012562-2

Darline denied injuring her son or knowing who did. After speaking to her for a while she stated she believed Johnny Sr would have to be the person who injured him. She told me there was nobody at the residence, other than herself and Johnny Sr.

End of interview. This is not a transcript of the interview. Please review video for details. At this time, there is no evidence to show that Darline was involved in injuring their son (Johnny Jr).

**Stephanie Ann Giles interview**

On 09/25/2013, I spoke with Stephanie Ann Giles (white/female, 02/13/1975 TX DL #19013349) at 701 Garrett Morris Pkwy, Head Start, Mineral Wells, TX 76067. Stephanie is Johnny Jr's teacher. The interview was audio recorded. The interview is filed with this case.

She told me this is Johnny's first year at Head Start. He started on 08/26/2013. She stated she notice the injury to his penis on 09/03/2013 (Tuesday) when she was changing his diaper. Monday was Labor Day, so the school was closed. She knew the injury was not normal. She said the shaft and of his penis was bruised a red and purple color. She immediately contacted her director and family social worker. She then contacted CPS to file a report.

She told me that morning when she took the diaper from his bag to change him there were cock roaches that crawled out. She stated they had to send him home that day because of head lice also. He returned to school on 09/09/2013.

She stated she changed his diaper on 08/30/2013 (Friday) and there were no visible injuries.

She stated Johnny Davis Sr, came to pick him up that day. She said Darline stayed in the car. He told her he got the injury from a fall. Darline had told the school on the phone he got the injury from a fall.

Stephanie gave me a copy of the their family contact sheet she filled out on 09/03/2013. It said that Johnny told her he has been treating the injury with Neosporin since Saturday morning. The contact sheet is filed with this case.

End of interview

HEARSAY NO EVIDENCE THAT I ACTUALLY STATED THIS COMMENT

Officer: Hamscher, Jeremy Approving Supervisor: Not approved

INDICTMENT STATES DATE OF OFFENSE AS 8-30-13

WITNESS JEREMY HAMSCHER STATES THAT INJURY OCCURRED ON SATURDAY EVENING



# MINERAL WELLS POLICE DEPARTMENT

## Narrative

Date of report: 09/17/2013 Case Number: 1300012562

Incident Number :1300012562

On 9/17/2013 I officer Richard Harris received a call from Jeremy Henard of Child Protective Services. Mr. henard advised that Johnny Daiv jr. a three year old child had a suspicious bruise on his penis and that Jr. was being evaluated by a Cooks Childrens Hospital Physcian and that he would call back with the physcians findings.

Mr. Henard called back and advised that according to the physcian who examined Jr. that the bruise on Jr's penis was caused by either a being pulled possible even Jr. being lifted by his penis or possible from a kick to the childs scrotum.

EVIDENCE DOES NOT SHOW THAT I ALONE CAUSED THIS INJURY

ALSO NO EVIDENCE (PHYSICAL) OF PRIOR HISTORY OF SAME INJURY-

Officer: Harris, Richard Approving Supervisor: Boetz, Brian

# MINERAL WELLS POLICE DEPARTMENT

## Supplement

Date of report: 09/17/2013 | Case Number: 1300012562-2

Darline denied injuring her son or knowing who did. After speaking to her for a while she stated she believed Johnny Sr would have to be the person who injured him. She told me there was nobody at the residence, other than herself and Johnny Sr.

End of interview. This is not a transcript of the interview. Please review video for details. At this time, there is no evidence to show that Darline was involved in injuring their son (Johnny Jr).

**Stephanie Ann Giles interview**

On 09/25/2013, I spoke with Stephanie Ann Giles (white/female, 02/13/1975 TX DL #19013349) at 701 Garrett Morris Pkwy, Head Start, Mineral Wells, TX 76067. Stephanie is Johnny Jr's teacher. The interview was audio recorded. The interview is filed with this case.

She told me this is Johnny's first year at Head Start. He started on 08/26/2013. She stated she notice the injury to his penis on 09/03/2013 (Tuesday) when she was changing his diaper. Monday was Labor Day, so the school was closed. She knew the injury was not normal. She said the shaft and of his penis was bruised a red and purple color. She immediately contacted her director and family social worker. She then contacted CPS to file a report.

She told me that morning when she took the diaper from his bag to change him there were cock roaches that crawled out. She stated they had to send him home that day because of head lice also. He returned to school on 09/09/2013.

She stated she changed his diaper on 08/30/2013 (Friday) and there were no visible injuries.

She stated Johnny Davis Sr, came to pick him up that day. She said Darline stayed in the car. He told her he got the injury from a fall. Darline had told the school on the phone he got the injury from a fall.

Stephanie gave me a copy of the their family contact sheet she filled out on 09/03/2013. It said that Johnny told her he has been treating the injury with Neosporin since Saturday morning. The contact sheet is filed with this case.

Never saw contact sheet get copy of contact sheet

End of interview.

Statement from witness has been designed to create the perception that I was responsible for victim's injury without any factual basis unwarranted deductions and hearsay

Officer: Hamscher, Jeremy | Approving Supervisor: Not approved

I DIDNOT Get to view either of these videos due to poor wifi connection at jail

# MINERAL WELLS POLICE DEPARTMENT

Due to not viewing these videos

## Supplement

Date of report: 09/17/2013 Case Number: 1300012562-2

I was not allowed to properly defend myself at hearing

Incident Number :1300012562

Supplemented by:Hamscher, Jeremy

Date of Supplement: 09/23/2013 10:46

You can ask person w/o laptop computer belonged to as to not able to view video

**Johnny Eugene Davis Sr video interview**

On 09/19/2013, I video interviewed Johnny Eugene Davis Sr (white/male, 11/02/1969, SSN: 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) at the Mineral Wells Police Department interview room. The interview was non custodial. Johnny Sr came to speak with me voluntarily. Before the interview began, I advised him he was free to leave at any time. He understood. The video is filed with this case.

Johnny knew that he was there to speak about his son's (Johnny Eugene Davis Jr (white/male, 09/25/2009) injuries. I spoke with Johnny about who all was at the house during the time frame the injury happened. He stated the only people at his house were him and Darlina Runa Davis (white/female, 08/04/1966, TX DL #08562549). Darlina is his wife and Johnny Jr's mother.

verification of not being alone with victim

I spoke to him about the injury not being caused from a fall. I advised him the injury was a result of a person causing the bruising and laceration/cut. Throughout the interview he denied causing the injuries to his son, but did not know who would have done that. Towards the end of the interview, he confessed to being the person that injured his son. He stated the injury happened while he was trying to put a diaper on him. He stated Johnny Jr was moving around a lot and would not be still enough to get the diaper underneath him. Johnny Sr stated he grabbed him by his penis and lifted him up only by his penis to get the diaper underneath him. He stated he cut the base of Johnny Jr's penis with his fingernail. He showed me that his fingernails needed to be cut. He told me he always lifts him up by his penis. He agreed with me that he pulled/jerked his son's penis too hard causing the injury.

End of interview. This is not a transcript of the interview. Please review video for details.

**Darline Runa Davis video interview**

On 09/19/2013, I video interviewed Darline Runa Davis at the Mineral Wells Police Department interview room. The interview was non custodial. Darline came to speak with me voluntarily. Before the interview began, I advised her she was free to leave at any time. He understood. The video is filed with this case.

Officer: Hamscher, Jeremy Approving Supervisor: Not approved

VIOLATION OF FALSE PROMISE ACT

IF YOU TELL ME WHAT YOU DID I WILL TELL THEM THIS WAS AN ACCIDENT

TRN: 9143870600 A001

Bond $__________
Set By MICHAEL MOORE
PRESIDING JUDGE

**The State of Texas v. JOHNNY EUGENE DAVIS, SR.**

Charge: Injury to a Child (Act)
Texas Penal Code § 22.04 (a)(3) Third Degree Felony

**INDICTMENT**

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Palo Pinto, State of Texas, duly selected, impaneled, sworn, charged, and organized as such at the **JulyTerm 2013** of the 29th Judicial District Court for said County, upon their oaths present in and to said Court, at said term that **JOHNNY EUGENE DAVIS, SR.**, hereinafter styled Defendant, on or about **August 30, 2013**, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause bodily injury to **J.E.D.**, a child 14 years of age or younger, by grabbing the said j.e.d.'s penis and lifting him up causing bruising and a laceration.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

____________________
PRESIDING GRAND JUROR

**CAUSE NO.** 15154

FILED
AT 1:40 PM-AM
NOV. 2 1 2013
JANIE GLOVER, DISTRICT CLERK
PALO PINTO COUNTY TEXAS
BY ________ DEPUTY

A. Their impressions state that bruises and abrasions to the penis inconsistent with the history given. Most likely inflicted trauma.

Q. And is there also a social history on that page?

A. I don't see a social history on there.

Q. Try a page before that.

A. Okay. The history of the present illness?

Q. Yes.

A. Is that what you were looking for?

Q. Yes.

A. Okay.

Q. And what was it -- you don't have to read it all, but what was it that was indicated as the cause of the injuries?

A. She stated that they woke up in the morning, and they heard Johnny jumping on the bed, and they believe that he fell off the bed and injured himself.

Q. And what kind of injuries exactly were inflicted?

A. There were injuries at the base of his penis. And I'm going back over to Page 5. There is a -- these are the findings from Cook CARE Team.

They said there was a purple bruise noted to the left of the penile shaft that is approximately a

half a centimeter by 1-1/2 centimeters. There's also bruising and abrasions noted to the left side of the penile shift itself. Purple bruising was noted on the ventral surface of the penis.

Q. And at the back of those records, are there pictures indicating those types of injuries?

A. Yes, there are.

Q. Now, after speaking with the people at Cook, did you continue an investigation into this case?

A. Yes, I did.

Q. And why were you continuing an investigation?

*THE COURT:* Are you through with that exhibit? Can I have that?

*THE WITNESS:* Yes.

*THE COURT:* Thank you.

Go ahead.

Q. (By Ms. Massey) And why were you continuing to investigate this case?

A. Because at this point, with the finding of the CARE Team and injuries that were involved, it was consistent with some type of physical abuse that needed to be investigated.

Q. Okay. And did you speak to the mother and the father of the child?

A. Yes.

Johnny DAVIS SR #1923674
3001 S-Emily DRIVE
Beeville TX 78102

USA FOREVER USA FOREVER USA FOREVER

Court Of Criminal appeals
P.O. BOX 12308
Austin TX 78711

3